# THE UNITED STATES DISTRICT COURT
# FOR
# THE NORTHERN DISTRICT OF NEW YORK

---

DAVID PRICE, as a candidate for the position for Albany County Republican Committeeman from the 14th Ward 6th District, City of Albany, THE ALBANY COUNTY REPUBLICAN COMMITTEE, MARTHA MCMAHON AND JAMES THORNTON, Absentee Voters

**Amended Complaint**

- against -    Index No. 06-cv-1083 (GLS/RTF)

THE ALBANY COUNTY BOARD OF ELECTIONS, THE NEW YORK STATE BOARD OF ELECTIONS, NEIL W. KELLEHER (in his official capacity as a Commissioners of The New York State Board of Elections), DOUGLAS A. KELLNER (in his official capacity as a Commissioners of The New York State Board of Elections), EVELYN J. AQUILA (in her official capacity as a Commissioners of The New York State Board of Elections), AND HELENA MOSES DONOHUE (in her official capacity as a Commissioners of The New York State Board of Elections), Defendants. Defendants.

---

**FIRST AMENDED COMPLAINT**

FOR A VERIFIED COMPLAINT, THE PLAINTIFFS ALLEGE:

**JURISDICTION AND VENUE**

1.  Plaintiffs bring a civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivations of Plaintiffs' rights secured by the First and Fourteenth Amendments to the United States Constitution.

1

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court of all suits brought pursuant to 42 U.S.C. §1983.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

## PARTIES

4. Peter Kermani is the Chairman of the Albany County Republican Committee ("Republican Party" or "Party") and brings this action as Chairman of the Republican Committee and on behalf of the Albany County Republican Committee.

5. David Price is a candidate for the party position of Albany County Committeeman for the 14th Ward 6th District, City of Albany ("14-6 Committeeman") to be voted upon at a primary election September 12, 2006.

6. MARTHA MCMAHON AND JAMES THORNTON are eligible to vote for the party position of 14-6 Committeeman on September 12, 2006 and is eligible to vote by absentee ballot.

7. Defendant the Albany County Board of Elections ("Board") is responsible for conducting the election for enforces for the party

position of 14-6 Committeeman to be voted upon at a primary election September 12, 2006.

8. Defendant's principle place of business is located in the County of Albany, State of New York.

9. Defendant New York State Board of Elections is the entity that is primarily charged with upholding, defending, interpreting, and enforcing the New York State Election Law.

10. Defendants Neil W. Kelleher, Douglas A. Kellner, Evelyn J. Aquila, and Helena Moses Donohue are the commissioners of the New York State Board of Elections and they are being sued in their official capacities.

11. Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. § 1391 in that the Defendants reside in this Federal district.

## FACTS

12. The Albany Republican Committee is a duly organized county committee formed under Section 2-104 of the New York State Election Law.

13. Peter Kermani is the Chairman of the Republican Committee.

14. Joseph Sullivan, David Price, and Anthony Gray have all filed valid designating petitions for the party position of Albany County 14-6

3

Committeeman to be voted upon at a primary election September 12, 2006.

15. Defendant Board is responsible for conducting the election and for enforcing the party position of 14-6 Committeeman to be voted upon at a primary election September 12, 2006.

16. Included in the Board's duty, is the duty to prepare and mail absentee ballots to primary voters.

17. The Board prepares the absentee ballots pursuant to the provisions of the election law.

18. Among the applicable provisions is Election Law §7-122.

19. Election Law §7-122(1)(a) provides:

> Ballots for absentee voters shall be, as nearly as practicable, in the same form as those to be voted in the district on election day, if any, except that ballots for primary elections **shall omit** the party position of ward, town, city or county committee and except further that such ballots need not have a stub, and shall have the words "Absentee Ballot", endorsed thereon.

20. The Board prepared the official absentee ballot for the September 12, 2006 Republican Party primary.

21. Pursuant to the mandate of Election Law 7-122(1)(a), the absentee ballot did not include provisions for the voters to cast a ballot for the party position of 14-6 Committeeman.

4

22. Martha McMahon and James Thornton are eligible to vote for the party position of 14-6 Committeeman to be voted upon at a primary election September 12, 2006.

23. Martha McMahon and James Thornton want to vote by absentee ballot for the Republican primary to be held on September 12, 2006.

24. They applied for the absentee ballot mainly because of their interest in voting for committeeman.

25. The absentee ballots that the Board distributed to Ms. McMahon and Mr. Thornton, and other similarly situated voters, do not include provisions for casting a ballot for the party position of 14-6 Committeeman.

26. Pursuant to an Order of this Court dated September 11, 2006, Ms. McMahon and Mr. Thornton were allowed to vote for the party position of 14-6 Committeeman by supplemental paper ballot.

27. Further pursuant to September 11, 2006, the Defendant Albany County Board of Elections was directed to "neither tally, canvass, nor cast the aforementioned ballots until and unless ordered by this Court."

28. A true and accurate copy of the September 11, 2006 Order is attached hereto as Exhibit A.

29. On September, 12, 2006, Defendant Albany County Board of Elections determined the unofficial results of the primary election for the party position of 14-6 Committeeman to be: Price 10; Gray 7; Sullivan 7.

30. Pursuant to State Election Law, on September, 18, 2006, a re-canvass of the vote was conducted; and the results remained unchanged.

31. Ms. McMahon and Mr. Thornton votes have not been counted by the Albany County Board of Elections.

32. Ms. McMahon and Mr. Thornton votes will not be counted unless the Albany County Board of Elections is ordered by this Court to do so.

## FIRST CAUSE OF ACTION

33. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint as if fully set forth herein.

34. The State of New York forces the Republican Committee to select its committeeman by a primary election.

35. The Republican Committee wants every possible Republican to participate in the primary election.

36. The Republican Committee (as the State of New York permits in both cases) wants to allow Republican voters to be able to vote by absentee ballot for all public office nominations and party office nominations.

37. The Board, by adhering to Election Law §7-122, has denied the ability of the Republican voters to cast their votes for the party position of committeeman by absentee ballot.

38. The Board, therefore, has violated Plaintiff Albany County Republican Committee's right to freedom of speech and association guaranteed by the First Amendment of the United States Constitution by forbidding Republican primary voters to cast a ballot.

## SECOND CAUSE OF ACTION

39. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint as if fully set forth herein.

40. David Price wants to appear on the absentee ballot given to Republican primary voters so that voters who support him may cast a ballot for him.

41. The Board, by adhering to Election Law §7-122, has denied access to the absentee ballot for the Republican primary on Septemeber12, 2006.

42. The Board has violated Plaintiff David Price's right to freedom of association and the corresponding guarantee of ballot access guaranteed by the First Amendment of the United States Constitution by forbidding Republican primary voters to cast a ballot for him.

## THIRD CAUSE OF ACTION

43. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint as if fully set forth herein.

44. Martha McMahon and James Thornton want to vote by absentee for the party position of 14-6 Committeeman.

45. The Board, by adhering to Election Law §7-122, has denied access to this opportunity.

46. The Board has violated Plaintiffs Martha McMahon and James Thornton's right to freedom of association and right to vote guaranteed by the First Amendment and Fourteenth of the United States Constitution by forbidding Republican primary voters to cast a ballot for him.

## FOURTH CAUSE OF ACTION

47. Plaintiffs repeat and reallege all the preceding paragraphs of this complaint as if fully set forth herein.

48. The Board allows the voters who cast provision and affidavits ballots (i.e., papers ballots similar in all material respects to absentee ballots) to cast paper ballots for party position of county committee.

49. The Board allows all paper voters to vote for other party positions such as judicial delegate and state committee.

50. The Board has violated all the plaintiffs' right to equal protection of the law as guarantee by the Fourteenth Amendment to the United States Constitution.

51. On or about September 8, 2006, pursuant to CPLR §1012(b), a copy of the original complaint was served on the office of the Attorney General of the State of New York at the 2nd Floor of the Justice Building, Albany, New York 12207.

**WHEREFORE,** Plaintiff asks this Court (1) to declare Election Law §7-122 unconstitutional; (2) to award each plaintiff $1.00 in nominal damages; (3) to enjoin defendants from enforcing Election Law §7-122; (4) to order that the plaintiff-voters ballots be counted; (5) to award plaintiffs the cost of prosecuting this action together with attorney fees pursuant to 42 U.S.C. §1988, and (6) to grant other and different relief that the Court, in the exercise of its wisdom and discretion, deems just and proper.

On this 28th day of September 2006, David Price, pursuant to 28 U.S.C. §1746, declares that he has read the foregoing and the same is true to his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

/s/David Price_____
David Price

On this 28th day of September 2006, MARTHA MCMAHON, pursuant to 28 U.S.C. §1746, declares that he has read the foregoing and the same is true to his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

/s/__Martha McMahon_____
MARTHA MCMAHON

On this 28th day of September 2006, Peter Kermani, pursuant to 28 U.S.C. §1746, declares that he has read the foregoing and the same is true to his own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

 /s/____Peter Kermani_____
Peter Kermani

Submitted on this 28th day of September, 2006

/s/__Tom Marcelle_____
Tom Marcelle (Bar Roll No. 102117)
Counsel for Plaintiffs
2 E-Comm Square, 3rd Floor
Albany, New York 12207
(518) 427-1720

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR
THE NORTHERN DISTRICT OF NEW YORK

DAVID PRICE, as a candidate for the position for Albany County
Republican Committeeman from the 14th Ward 6th District, City of Albany,
THE ALBANY COUNTY REPUBLICAN COMMITTEE, MARTHA
MCMAHON, AND JAMES THORNTON, Absentee Voters

## Order

- against -    Index No. 06-cv-1083

THE ALBANY COUNTY BOARD OF ELECTIONS, THE NEW YORK
STATE BOARD OF ELECTION Defendant.

## ORDER

The Court has considered the plaintiffs' verified complaint sworn to on September 8, 2006, the affirmation of Thomas Marcelle, plaintiffs' memorandum of law, the oral arguments and applications made by counsel for the plaintiffs and defendants on September 11, 2006, and all other proceedings had herein. On the basis of these pleadings and papers, the Court is of the opinion that the following order should be granted:

**IT IS ORDERED** that:

(1) The Defendant Albany County Board of Elections shall immediately make available at the Albany County Board Elections at its offices

located at 32 N. Russell Rd., Albany, New York a supplemental paper ballot that contains a provision to vote for the party position of Albany County Committeeman in the 14th Ward 6th District City of Albany to Martha McMahon and James Thornton or their authorized representative David Price;

(2) The Defendant Albany County Board of Elections shall neither tally, canvass, nor cast the aforementioned ballots until and unless ordered by this Court and;

(3) The Defendant Albany County Board of Elections shall not certify a winner of the party position of Albany County Committeeman in the 14th Ward 6th District, City of Albany until and unless ordered by this Court.

Dated: September 11, 2006

_____
Gary L. Sharpe
United States District Judge