UNITED STATES DISTRICT COURT  Index No. **06-CV-1083** (GLS/RTF)
NORTHERN DISTRICT OF NEW YORK  (ECF CASE)

---

DAVID PRICE, as a candidate for the position for Albany County Republican Comitteeman from the 14th Ward 6th District, City of Albany; THE ALBANY COUNTY REPUBLICAN COMMITTEE, MARTHA McMAHON, and JAMES THORNTON, Absentee Voters

        -Plaintiffs,

-against-

THE ALBANY COUNTY BOARD OF ELECTIONS, THE NEW YORK STATE BOARD OF ELECTIONS, NEIL W. KELLEHER (in his official capacity as a Commissioner of the New York State Board of Elections), DOUGLAS A. KELLNER (in his official capacity as a Commissioner of the New York State Board of Elections), EVELYN J. AQUILA (in her official capacity as a Commissioner of the New York State Board of Elections), and HELENA MOSES DOHOHUE (in her official capacity as a Commissioner of the New York State Board of Elections),

        -Defendants,

---

## *Defendants' Memorandum of Law in Support of Cross Motion to Dismiss and in Opposition to Plaintiff's Motion for Summary Judgment*

---

Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
    I.      The New York Election Law is Presumed to be Constitutional . . . . . . . . . . . . -2-
           A.     The Standard to Apply in Assessing Election Law Restrictions . . . . . . -2-
           B.     Ability of the State to Regulate Elections . . . . . . . . . . . . . . . . . . . . . . . -3-
    II.     The State has the authority to proscribe the manner of voting and restrict the right to receive an absentee ballot to specific elections. . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    III     New York State has compelling interest to limit distribution of absentee ballots for political party office. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
    IV.    New York's limit on the distribution of absentee ballots for political party office is narrowly tailored. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

Table of Authorities

Federal Cases

*Anderson v. Celebrezze*, 460 U.S. 780 (1982) ............................................. -4-

*Brock v. Sands*, 924 F. Supp. 409 (E.D.N.Y. 1996) ..................................... -2-

*Buckley v. American Constitutional Law Found., Inc.*, 525 U.S. 182 (1999) ............... -3-

*Burdick v. Takushi*, 504 U.S. 428 (1992) ..................................................... -3-

*Butts v. City of New York*, 779 F.2d 141 (2d Circ. 1985) ................................. -2-

*Heller v. Doe*, 509 U.S. 312 (1993) ........................................................ -2-

*Jenness v. Fortson*, 403 U.S. 431 (1971) ................................................... -3-

*Lerman v. Board of Elections in the City of New York*, 232 F. 3d 135 (2d Circ. 2000) ...... -3-

*Lindsley v. Natural Carbolic Gas Co.*, 220 U.S. 61 (1911) ................................ -2-

*Matthews v. DeCastro*, 429 U.S. 181 (1976) ............................................... -2-

*McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 802 (1969) ... -2-, -4-, -5-

*McGee v. Board of Elections of City of New York*, 669 F. Supp. 73 (S.D.N.Y. 1987) ....... -4-

*McGowan v. Maryland*, 366 U.S. 420 (1961) ............................................... -2-

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995) ................................. -3-

*Metropolitan Cas. Ins. Co. v. Brownell*, 294 U.S. 580 (1935) ............................. -4-

*Mueller v. Allen*, 463 U.S. 388 (1983) ..................................................... -2-

*O'Brien v. Skinner*, 414 U.S. 524 (1974) ................................................... -5-

*Prestia v. O'Conner*, 178 F. 2d 86 (2d Circ. 1999) ....................................... -3-

*Prete v. Bradbury*, 438 F.3d 949 (9th Cir. 2006) .......................................... -3-

*Schweiker v. Wilson*, 450 U.S. 221 (1981) ................................................. -2-

*Storer v. Brown*, 415 U.S. 724 (1974) .................................... -3-, -4-

*Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997) .......................... -3-

*United States Railroad Retirement Board v. Fritz*, 449 U.S. 166 (1980) .................. -2-

*Unity Party v. Wallace*, 707 F.2d 59 (2d Cir. 1983) ............................... -4-

*Western v. Southern Life Insurance Co. v. State Board of Equalization of California*, 451 U.S. 648 (1981) ............................................................. -2-

State Cases

*Settineri v. DiCarlo*, 82 N.Y.2d 813 (1993) ................................. -7-

*Eber v. Board of Elections of the County of Westchester*, 80 Misc. 2d 334 (Sup Ct Westchester County 1974) .......................................................... -5-

*Matter of Bauman v Fusco*, 21 AD2d 470 (1st Dept' 1964) ........................ -6-

*Matter of Mazur v. Kelly*, 170 AD2d 1037 (4th Dept' 1991) ....................... -6-

*Matter of McDonald v. Heffernan*, 300 N.Y. 488 (1949) .......................... -6-

*Matter of Torchin v. Cohen*, 286 NY 544 (1941) ............................... -6-

Federal Statutes

42 U.S.C. § 1988 .................................................... -1-

State Statutes

New York State Const. Art II, § 2 ........................................ -4-

New York State Const. Art IV, §5 ........................................ -8-

New York State Const. Art IV, §6 ........................................ -8-

New York State Election Law § 2-106 .................................... -6-

New York State Election Law § 2-112 .................................... -6-

New York State Election Law § 6-104 .................................... -8-

New York State Election Law § 6-116. .................................. -6-, -8-

New York State Election Law § 6-158 .................................... -7-

New York State Election Law § 7-122 .................................. -1-, -5-

New York State Election Law § 8-412 .................................... -6-

New York State Public Officers Law §41 .................................. -8-

New York State Public Officers Law §42 .................................. -8-

Other Authorities

82 Cornell L. Rev. 109 (1996) ........................................... -3-

**Statement of the Case**

Plaintiffs McMahon, Thornton, Price, and the Albany County Republican Party brought this action challenging the constitutionality of New York State Election Law § 7-122(1)(a ). Plaintiffs' allege that not allowing the county to issue absentee ballots for a political party office violates the Constitution of the United States. McMahon and Thornton claimed that § 7-122 violated their right to vote. Price claimed that § 7-122 violated his right to ballot access. The Republican Party, on behalf of its members, claimed that § 7-122 violated the party members' right to vote and right of association. The plaintiffs' pleadings are devoid of any evidence or allegations that they are members of any racial or suspect classification, or that the basis for the denial or issuing the absentee ballots was based upon any racial or suspect classification.

Plaintiffs moved for a temporary restraining order and a preliminary injunction. The Court issued an injunction ordering that the Albany County Board of Elections provide the plaintiff voters McMahon and Thornton with absentee ballots that contained a provision to vote for the political party position of Albany County Committeeman in the 14th Ward, 6th District, City of Albany, New York.

Plaintiffs now move for summary judgment. Plaintiffs seek to have the Court: (1) declare that Election Law § 7-122(1)(a) unconstitutionally restricts Plaintiffs' rights as secured by the First and Fourteenth Amendments to the United States Constitution; (2) order Defendants to notify and inform all the County Boards of Elections in the State of New York that § 7-122(1)(a) has been declared by this Court to be unconstitutional; (3) order the Albany County Board of Elections to open, canvass and tally the absentee ballots of plaintiff-voters; (4) grant Plaintiffs' request for costs and attorney's fees, pursuant to 42 U.S.C. § 1988; and (5) grant any other further and different relief that this Court deems just and proper.

Defendants oppose the motion for summary judgement and cross move to dismiss the complaint.

**Argument**

I. **The New York Election Law is Presumed to be Constitutional**

It is well-settled that a statute is entitled to a strong presumption of constitutionality. *Schweiker v. Wilson*, 450 U.S. 221, 238 (1981); *Matthews v. DeCastro*, 429 U.S. 181, 185 (1976); *McDonald v. Board of Election Commissioners of Chicago*, 394 U.S. 802, 808-09 (1969); *Butts v. City of New York*, 779 F.2d 141, 147 (2d Circ. 1985). Federal courts "should be 'reluctant to attribute unconstitutional motives to the state.'" *Butts, id., quoting, Mueller v. Allen*, 463 U.S. 388, 394-95 (1983). Neither does the court "sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations." *Brock v. Sands*, 924 F. Supp. 409, 414 (E.D.N.Y. 1996), *quoting, Heller v. Doe*, 509 U.S. 312, 319 (1993).

Since a statute is presumed to be constitutional, "[o]ne who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." *Lindsley v. Natural Carbolic Gas Co.*, 220 U.S. 61, 78-79 (1911). If there is any reasonable justification to support the classification, the statute will be upheld. *McDonald*, 394 U.S. at 809.

Moreover, the legitimate objective which the Court finds to support the classification need not have been articulated by the Legislature in the statute or the legislative history. *United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 179 (1980); *McDonald*, 394 U.S. at 809. As courts have held time and again, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland*, 366 U.S. 420, 426 (1961); *Western v. Southern Life Insurance Co. v. State Board of Equalization of California*, 451 U.S. 648, 671-72 (1981). This is true even though neither the statute nor the legislative history specifically mentions this objective. *Schweiker*, 449 U.S. at 179; *McDonald*, 394 U.S. at 809; *McGowan*, 366 U.S. at 426; *United States Railroad Retirement Board*, 449 U.S. at 179.

A. **The Standard to Apply in Assessing Election Law Restrictions**

In assessing the constitutionality of a state election law, the court must balance the regulation's burden on the First and Fourteenth Amendment rights against the states interests

advanced by the regulation, taking into consideration the extent to which the burden is necessary to the advancement of those interests. *Lerman v. Board of Elections in the City of New York*, 232 F. 3d 135, 145-146 (2d Circ. 2000) *cert denied*, 533 U.S. 915; *Prestia v. O'Conner*, 178 F. 2d 86, 88 (2d Circ. 1999), *cert. denied*, 528 U.S. 1025, (1999); *Buckley v. American Constitutional Law Found., Inc.*, 525 U.S. 182 (1999); *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358-359 (1997); *Burdick v. Takushi,* 504 U.S. 428, 434 (1992).

If the regulation severely restricts the relevant rights, it must be narrowly drawn to advance a compelling state interest, but where the regulation imposes only reasonable, nondiscriminatory restrictions on those rights, "the State's important regulatory interests are generally sufficient to justify the restrictions."*Lerman*, 232 F. 3d at 145, *citing, Burdick*, 504 U.S. at 434.

The balancing test has become a three-tiered approach in which only severely burdensome restrictions receive strict scrutiny, less problematic laws serving legitimate state objectives are balanced against the party's or voter's interests, and rational basis review is used for other more benign restrictions. *See*, 82 Cornell L. Rev. 109,126 (1996).

### B.    Ability of the State to Regulate Elections

It is, of course, well established that a state may regulate elections in order to assure that they are fair and honest and that order, rather than chaos, is to accompany the democratic process. *Storer v. Brown*, 415 U.S. 724 , 729-30 (1974); *Jenness v. Fortson*, 403 U.S. 431, 442 (1971). It is also clear that the *First Amendment*, applied to the states through the 14th Amendment, prohibits state governments from enacting a "law . . . abridging the freedom of speech." *Prete v. Bradbury,* 438 F.3d 949, 961 (9th Cir. 2006) *citing, McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 336 (1995).

The Court in *Prete* went on to say that "The *First Amendment* does not, however, prohibit all restrictions upon election processes: "States may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder."'" *Id. quoting, Timmons,* at 358.

Plaintiffs, who are attacking the constitutionality of a duly enacted state statute, bear the burden of establishing its unconstitutionality. *McGee v. Board of Elections of City of New York*, 669 F. Supp. 73, 76 (S.D.N.Y. 1987) (Weinfeld, J.) (*citing, Metropolitan Cas. Ins. Co. v. Brownell*, 294 U.S. 580, 584-86 (1935)). Here, as discussed below, the plaintiff has not shown "invidious discrimination based upon wealth or race classifications or a preclusion of the right to vote, heightened scrutiny is not required." *McGee*, at 77 (*citing McDonald* at 807) ; *Unity Party v. Wallace*, 707 F.2d 59, 63 (2d Cir. 1983). Instead, "the challenged restriction is subject only to a rational basis analysis." *Unity Party,* at 63.

It is well recognized that "'as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes.'" *Anderson v. Celebrezze*, 460 U.S. 780, 788 (1982) (*quoting Storer* at 730 (1974)). The Court has further stated that:

> "to achieve these necessary objectives, States have enacted comprehensive and sometimes complex election codes. Each provision of these schemes, whether it governs the registration and qualifications of voters, the selection and eligibility of candidates, or the voting process itself, inevitably affects -- at least to some degree -- the individual's right to vote and his right to associate with others for political ends. Nevertheless, the State's important regulatory interests are generally sufficient to justify reasonable, nondiscriminatory restrictions."

*Anderson, supra*, at 788 (footnote omitted).

## II.    The State has the authority to proscribe the manner of voting and restrict the right to receive an absentee ballot to specific elections.

It has long been held that there is no constitutional right to vote by absentee ballot rather, it is not the right to vote that is at stake here but a claimed right to receive absentee ballots. *McDonald* at 807.

Section 2 of Article II of the New York State Constitution empowers the Legislature to provide for absentee ballots:

> "The legislature may, by general law, provide a manner in which, and the time and place at which, qualified voters who, on the occurrence of any election, may be absent from the county of their residence or, if residents of the city of New York,

from the city, and qualified voters who, on the occurrence of any election, may be unable to appear personally at the polling place because of illness or physical disability, may vote and for the return and canvass of their votes."

The section goes on to state that the Legislature may, by general law, provide for the manner in which such votes may be cast. In a case declining to extend absentee voting to any primary election, the State Court interpreting state law held that the Legislature has the right to provide for absentee ballots and further, the right to allow the same only at general elections or in other specified situations. *Eber v. Board of Elections of the County of Westchester*, 80 Misc. 2d 334, 335 (Sup Ct Westchester County 1974). The Court in *Eber* went on to state that it is not the petitioner's right to vote which is at stake here, but the right to receive an absentee ballot. The Legislature has broad authority absent any constitutional limitations to establish rules regulating the manner of conducting both special and general elections. While the Legislature may not, by enacting statutes, infringe or restrict a citizen's right to vote, the Legislature does have the authority to proscribe the manner of voting. *Id.* While there is a constitutional right to vote, there is no such constitutional right to an absentee ballot. The Supreme Court in the case of *McDonald v. Board of Election, supra* held that the State has the right to proscribe methods for absentee voters. The Legislature may not use this authority in such a way as that it would operate as a restriction which is so severe as to constitute an unconstitutionally onerous burden on the exercise of the right to vote. *O'Brien v. Skinner*, 414 U.S. 524 (1974).

**III    New York State has compelling interest to limit distribution of absentee ballots for political party office.**

The limitation of the distribution of absentee ballots for elections for political party office is based upon the statutory need to have finality in elections for party office on primary election day.

New York State Election Law section 7-122(1)(a) provides that:

"Ballots for absentee voters shall be, as nearly as practicable, in the same form as those to be voted in the district on election day, if any, except that ballots for primary elections shall omit the party position of ward, town, city or county committee and except further that such ballots need not have a stub, and shall have the words "Absentee Ballot", endorsed thereon."

The New York State Election Law allows absentee voters to send their ballots in by mail with a postmark indicating that it was mailed the day before the elections and it can be received up to seven days after the election. Election Law section 8-412(1):

> "The board of elections shall cause all absentee ballots received by it before the close of the polls on election day and all ballots contained in envelopes showing a cancellation mark of the United States postal service or a foreign country's postal service, or showing a dated endorsement of receipt by another agency of the United States government, with a date which is ascertained to be not later than the day before election and received by such board of elections not later than seven days following the day of election to be cast and counted except that the absentee ballot of a voter who requested such ballot by letter, rather than application, shall not be counted unless a valid application form, signed by such voter, is received by the board of elections with such ballot."

Under New York Election Law section 2-106, members of the state and county committees shall be elected biennially at the primary election. They hold office until the next election at which members of the committee are elected.

Every county committee within twenty days after its election must meet and organize by electing a chairman, a secretary, a treasurer and such other officers as they may by their rules provide. Election Law § 2-112 (1). A county committee cannot act until it has organized. Outgoing party officials are *"functus officio"*, and are without power to act upon "substantial matter[s]" such as nominations, although they have the power to carry out purely interim administrative functions. *See, Matter of McDonald v. Heffernan*, 300 N.Y. 488 (1949); *Matter of Torchin v. Cohen*, 286 NY 544 (1941); *Matter of Mazur v. Kelly*, 170 AD2d 1037 (4th Dept' 1991); *Matter of Bauman v Fusco*, 21 AD2d 470 (1st Dept' 1964).

In the event of a vacancy in a public office which occurs too late to nominate via the primary election process, the nomination of a candidate by a political party shall be made, after the day of the primary election, by a majority vote of a quorum of the members of a county committee or committees last elected in the political subdivision in which such vacancy is to be filled. Election Law § 6-116. Such nominations must be filed not later than seven days after the fall primary election, except that a certificate of nomination for an office which becomes vacant

after the seventh day preceding such primary election shall be filed not later than fourteen days after the creation of such vacancy . . ." Election Law section 6-158 (6).

Plaintiffs appear to state that there is an inconsistency in the Election Law that allows the certification of the primary election results to occur up to nine days after the primary election, and therefore there is time to allow for absentee ballots. However, the case which plaintiffs relied upon does not allow the nominations to occur after the nine day period rather, the Court found that the party rules provided a mechanism which empowered an otherwise *functus officio* chairman to file the certificate of nomination within the seven day period required by Election Law § 6-158(6). *Settineri v. DiCarlo*, 82 N.Y.2d 813 (1993) (the Court cited the dissent in the underlying Appellate Division decision for its rational).

Based upon the interaction of these various Election Law provisions, the State found a need to restrict the distribution of absentee ballots to allow the voting for political committees to be complete in time for the new committees to begin their terms on the day following the primary elections. In addition to organizing the committees within the times specified by the statute after the primary election, a county committee must also be able to organize within seven days of the primary election in the event that a meeting must be held to nominate a candidate. To allow for absentee ballots would prevent the finality to the election in order for the political committee to act to organize and choose a candidate.

### IV.    New York's limit on the distribution of absentee ballots for political party office is narrowly tailored.

The election law at issue in this case is narrowly focused to only limit the distribution of absentee ballots for offices where the impact of allowing the ballot would interfere with operation of a county committee's right and ability to meet, organize and then nominate candidates for public office within the seven day period allowed for under the Election Law. To allow such absentee ballots would make it impossible for the county committee to meet the seven day requirement to meet, organize and then nominate candidates for public office when they are required to.

Plaintiffs' argue that the statute is too narrow, because it only denies absentee ballots for

county committee while allowing absentee ballots for state committee voting. The reason that absentee ballots are allowed for state committee, is because a state committee will never have to meet to organize and nominate a statewide candidate within seven days of the primary election. Plaintiffs's fail to understand the interrelation of other vacancy filling provisions which, in effect, render that portion of Election Law 6-116 as non-operational. Vacancies in statewide office are filled by other means than a meeting of the state committee within seven days after the primary election. A vacancy in the office of Governor is filled by the Lt. Governor for the remainder of the term. NYS Const. Art IV, §5. A vacancy in office of Lt Governor, is filled by the Temporary President of the Senate for the period of the vacancy and filled at the next election for Governor. NYS Const. Art IV, §6. A vacancy in office of either Attorney General or Comptroller are filled by the Legislature for the remainder of the term. Public Officers Law §41. A vacancy in the office of United States Senator is filled temporarily by appointment by the Governor until it can be filled at a general election. Public Officers Law §42 (4-a). After the conclusion of the vacancy, all these offices would appear at their next regularly scheduled election. Nominations would then occur through the regular process at the annual state committee meetings. *See*, Election Law § 6-104.

## Conclusion

Based upon the foregoing reasons, plaintiff's motion for summary judgment should be denied and defendant's motion to dismiss the action should be granted.

DATED:   July 30, 2007
         Albany, New York

*[signature]*

**TODD D. VALENTINE** (Bar Roll No. 507572)
Special Counsel, New York State Board of Elections
Attorney for Defendant State Board of Elections
40 Steuben Street, Albany, New York 12207
Tel: (518) 474-6367, Fax: (518) 486-4546