# THE UNITED STATES DISTRICT COURT
# FOR
# THE NORTHERN DISTRICT OF NEW YORK

---

DAVID PRICE, as a candidate for the position for Albany County
Republican Committeeman from the 14th Ward 6th District, City of Albany,
THE ALBANY COUNTY REPUBLICAN COMMITTEE, MARTHA
MCMAHON AND JAMES THORNTON, Absentee Voters,

                                                                       Plaintiffs,

- against -                                        Index No. 06-cv-1083

THE NEW YORK STATE BOARD OF ELECTIONS,

                                                                        Defendant.

---

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR
SUMMARY JUDGMENT

Table of Contents

Table of Contents..................................................................................................i

TABLE OF AUTHORITIES ............................................................................... ii

**SUMMARY OF REPLY**. ...................................................................................1

ARGUMENT........................................................................................................2

    1. The counting of absentee ballots does not delay in the certification of a winner of an election; therefore, any delay caused by the absentee voting is an insufficient justification to abridge the constitutional rights of the voters. ...............................................................................2

    **2.** The conundrum that defendants' envision is extremely unlikely to occur and thus, is not a very compelling reason to discriminate against absentee voters and candidates ...........................................................4

**CONCLUSION** ..................................................................................................6

Table of Authorities

## FEDERAL CASES

*Burdick v. Takushi,* 504 U.S. 428 (1992) .......................................................................... 2

*Bush v. Gore,* 531 U.S. 98 (2000) ............ ....................................................................... 1

*Harper v. Virginia Bd. of Elections,* 383 U.S. 663 (1966) .................................................. 1

*Kramer v. Union Free School Dist. No. 15,* 395 U.S. 621 (1969) ...................................... 2

*Lerman v. Board of Elections in City of New York*, 232 F.3d 135 (2nd Cir. 2000) ............ 2

*O'Brien v. Skinner*, 414 U.S. 524 (1974) ........................................................................... 4

*Settineri v. DiCarlo* 82 N.Y. 2d 813 (1993) ................................................................... 3, 5

*Settineri v. DiCarlo*, 197 A.D.2d 724 (2nd Dept. 1993) .................................................. 3, 5

## STATUTES

Election Law §7-122

Election § 9-200(1)

Election Law §8-412(1)

**SUMMARY OF REPLY**

This is a case about discrimination against absentee voters and candidates for local party office. New York has chosen to provide voters with the ability to vote by absentee ballots in primary elections. An absentee voter can vote for any public office or party position with one exception – an absentee voter cannot vote for county committeeman. New York has discriminated between two classes of voters (absentee voters and all other voters) and two classes of candidates (candidates for local party office and all other candidates). The voters allege that such discrimination violates their right to equal protection and the candidate alleges that the discrimination violates his right to ballot access.

Defendants argue that there is no right to vote by absentee ballot. This is true. But of course that is not the case here. The voters and the candidate are not demanding that the State provide them with absentee ballots. New York, as a matter of policy, has decided to allow absentee balloting in primary elections. Plaintiffs are seeking equal treatment, they are in no way demanding unique treatment.

The question in this case is whether once having allowed voting by absentee ballot, a state may single out one office and only one office for which absentee voters are disqualified from voting. Such discrimination is illegal. Once a state allows absentee voting (even though it does not have to), the mechanism for absentee voting must comply with the Equal Protection Clause. *O'Brien v. Skinner*, 414 U.S. 524 (1974). *See also, Bush v. Gore,* 531 U.S. 98, 105 (2000) (explaining that "[h]aving once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another."); *Harper v. Virginia State Bd. of Elections,* 383 U.S.

1

663, 665 (1966) ("[O]nce the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment").

**ARGUMENT**

1. **The counting of absentee ballots does not delay the certification of a winner of an election; therefore, any delay caused by absentee voting is an insufficient justification to abridge the constitutional rights of the voters.**

The parties acknowledge that Election Law §7-122 burdens a fundamental right (voting and ballot access). Thus, it must overcome a high constitutional hurdle. "When state election laws subject speech, association, or the right to vote to severe restrictions, the regulation must be narrowly drawn to advance a state interest of compelling importance." *Lerman v. Board of Elections in City of New York*, 232 F.3d 135, 145 (2nd Cir. 2000) (citing *Burdick v. Takushi,* 504 U.S. 428, 434 (1992)). "This careful examination is necessary because statutes distributing the franchise constitute the foundation of our representative society. Any unjustified discrimination in determining who may participate in political affairs or in the selection of public officials undermines the legitimacy of representative government." *Kramer v. Union Free School Dist. No. 15,* 395 U.S. 621, 626 (1969).

Defendants claim that "New York has [a] compelling interest to limit distribution of absentee ballots for political party office." Defendants' Memo at p. 5. In particular, defendants contend their discriminatory practice is justified by "the statutory need to have finality in elections for party office on primary election day" so that a party committee can nominated a candidate in the rare circumstance when a vacancy occurs before the primary. Id. Defendants argue that "[t]o allow for absentee ballots would prevent the finality to the

2

election in order for the political committee to act to organize and choose a candidate [in the event that a vacancy occurs between July and September]." Id. at 7.

The crux of the case is whether the delay in counting absentee ballots (7 days at most) is a compelling state interest. It is not — defendants justify their discrimination to achieve "finality in elections for party office <u>on primary election day</u>." Id. State law, however, allows nine (9) days for the election for party office to be certified. Counting of absentee ballot does not delay finality because they must always be counted within seven (7) days.

A committeeman, as the defendants correctly point out, cannot act to make a nomination to fill a vacancy until his or her election is certified. *Settineri v. DiCarlo*, 197 A.D.2d 724, 727 (2nd Dept. 1993) (dissenting opinion) *reversed for the reasons stated in the dissent* by 82 N.Y.2d 813 (1993). Certification of a party position like committeeman takes up to nine (9) days. Election § 9-200(1) provides in pertinent part:

> The board of elections shall canvass the returns of primary elections filed with it. .. It ***shall complete the canvass otherwise within nine days from the day upon which the primary election is held***. Upon the completion of the canvass the board shall make and file in its office tabulated statements, signed by the members of such board or a majority thereof, of the number of votes cast for all the candidates … for election to each <u>party position</u>. The candidate receiving the highest number of votes for … election to a party position …, shall be … elected to such <u>party position</u> and the board, if requested by a candidate elected to a <u>party position</u>, shall furnish to him a certificate of election.

Election §9-200(1) undercuts the justification for abridging the rights of absentee voters. Absentee ballots must be received (if postmarked by Election Day) no later than seven (7) days after the election.[1] *See* Election Law §8-412(1). Since absentee ballots are

---

[1] Obviously, it would be an extremely unusual circumstance for a ballot postmarked on election day to take seven days to reach its destination at the local Board of Elections. It

3

and must be received *within* the statutory period for the canvass of the election (9 days), absentee ballots do not delay canvass and certification of the election of committeeman. Therefore, since absentee voting causes no delay, defendant's justification does not pass even a rational basis test — and such justification could never be deemed a compelling state interest test.  *Lerman*, 232 F.3d at 145; *O'Brien v. Skinner*, 414 U.S. 524 (1974). Consequently, plaintiffs request that the Court grant them summary judgment.

2. **The conundrum that defendants' envision is extremely unlikely to occur and thus, is not a very compelling reason to discriminate against absentee voters and candidates.**

Plaintiffs note that the conundrum that defendants' envision is extremely unlikely to occur and thus, it is not a very compelling reason to discriminate against absentee voters and candidates.  The undisputed evidence before the Court is that local elections are held in odd number years, committee elections are held in even number years.  Kermani Declaration at ¶7, 20.  Further, competition for committee spots is rare. Id. at ¶14.  For example, out of 698 committee positions in Albany County there are generally only 3 or 4 primaries.  Id. at ¶5, 14.  Since most committee positions are uncontested, the vast, *vast* majority of a political committee will be able to act promptly to make a nomination.  Id. at ¶20.  Therefore, defendants' concern about a political committee's inability to nominate a candidate if absentee ballots are permitted is largely illusory.  Id. at ¶20.  An abstract concern about an event that is likely never to occur is insufficient to overcome the fundamental right to vote for a representative of a voter's choosing.

Finally, in those cases where the committee cannot meet to nominate a candidate because the election has not been certified, the outgoing party leadership may make the nomination to fill the vacancy.  Defendants claim that outgoing party officials are without

4

the power to make such nominations. Defendants' Brief at p.6. This position is at odds with *Settineri v. DiCarlo*, 82 N.Y. 2d 813 (1993) *reversing for the reasons stated in the dissent* in 197 A.D.2d 724 (2nd Dept. 1993) which dealt directly with the scenario that defendants view as so problematic that it justifies abridging the right to vote.

In *Settineri v. DiCarlo*, 82 N.Y. 2d 813 (1993) *reversing for the reasons stated in the dissent* in 197 A.D.2d 724 (2nd Dept. 1993), the Court held that where:

> The organizational meeting could not be held until the votes were canvassed and the results of the primary election certified, and canvassing can take up to nine days. In this case the committeepersons were certified by the Board of Elections eight days after the primary, one day after the deadline to nominate. Therefore, the newly elected county committee did not have the opportunity to elect a new chairperson prior to the expiration of the seven-day period for filing a certificate of nomination for the Senate vacancy. Since it was effectively impossible to canvass and certify the newly elected committee members, convene an organizational meeting, elect a chairperson, and file a proper certificate of nomination, all within seven days of the primary, the outgoing chairperson was obliged to act for the party because the failure to file a nomination by September 21st would have been fatal to its ability to field any candidate for the vacant Senate seat.

197 A.D.2d at 727-28.

The Court of Appeals has provided a practical solution to any problems caused by a delay in the certification process. Even if use of absentee ballots caused a delay in certification (which it does not), the Court of Appeals has provided a solution by permitting a party chairman to make a nomination so that the party has a candidate. In the end, defendants' justification is not a compelling enough to abridge the plaintiff-voters fundamental right to vote for a member of the county committee and the plaintiff-candidates right to ballot access. Therefore, plaintiffs request that the Court grant their motion for summary judgment.

5

## CONCLUSION

For the above reasons and for any others that seem wise and just, plaintiff-voters, plaintiff-candidate, and plaintiff-political party request that the Court grant their motion for summary judgment.

Dated: September 12, 2007

/s TOM MARCELLE
Tom Marcelle, Esq.
Bar Roll No. 102117
Counsel for Plaintiffs
2 E-Comm Square, 3rd Floor
Albany, New York 12207
Phone: (518) 427-1720