**Tom Marcelle**
Attorney-at-Law
2 E-Comm Square, 3rd Floor
Albany, New York 12207
(518) 427-1720
(518) 427-1764 - Fax

November 16, 2007

<u>FILED and SERVED ELECTRONICALLY</u>

Honorable Gary L. Sharpe
United States District Court Judge
United States District Court
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

Re:   *Price v. Albany County Board of Elections*; 06-CV-1083

Dear Judge Sharpe:

Plaintiffs seek a stay pending appeal. In particular, plaintiffs request that the last two decrial paragraphs of the September 11, 2006 order remain in place. These paragraphs provide:

> (2) The Defendant Albany County Board of Elections shall neither tally, canvass, nor cast the aforementioned ballots until and unless ordered by this Court and;

> (3) The Defendant Albany County Board of Elections shall not certify a winner of the party position of Albany County Committeeman in the 14th Ward 6th District, City of Albany until and unless ordered by this Court.

The counsel for the New York State Board of Elections agrees and the consents to the stay. Today, the counsel for the Albany County Boards of Elections indicated that her client does not oppose the relief requested. Plaintiffs request to the County Board was made on or about November 1, 2007. However, the Board due to a busy schedule was unable to express a position until today. Additionally, the County not certified the election and has otherwise maintained the status quo.

SO ORDERED:

*Gary L. Sharpe*
U.S. District Judge
Date: 11/21/07

GRANTED in all respects.

## ARGUMENT

Rule 62(a) provides that "[w]hen an appeal is taken from a ... final judgment ... dissolving ... an injunction, the court in its discretion may ... restore .. an injunction during the pendency of the appeal." In *Lopez Torres v. New York State Bd. of Elections*, 462 F.3d 161 (2nd Cir. 2006), the Second Circuit noted that a court should consider four factors in issuing a stay. "[F]our factors are considered before staying the actions of a lower court: (1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer irreparable injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood of success, on appeal, and (4) the public interests that may be affected."

A review of these factors favors a stay. First, the plaintiffs, particularly the voters, will suffer irreparable harm without a stay. The second committee seat is currently deadlocked. Once the election is certified, it can not be undone. Without a stay, should the voters should prevail on appeal, their vote will be lost. Thus, the voters will suffer real irreparable harm absent a stay.

On the other hand, there is no harm in granting the stay. By dissolving the injunction, not only are the outcome determinative votes lost, but the Board of Elections will certify the election a tied. A tied election is deemed a failure to elect. A failure to elect permits the County Committee to appoint a person to hold the office of committee man. However, that is exactly the situation currently. The County Committee has already appointed a person to fill the vacancy pending certification. Nothing changes. The person on the committee will continue to serve. The only result is that the election will be certified and the voters will forever have their votes extinguished. The lack of a harm caused by a stay is demonstrated by the adversarial parties consent to the same.

The final two factors tilt towards a stay. The plaintiffs believe that they have a substantial argument on appeal. Although the Court ruled against the plaintiffs, its careful and detailed opinion speaks to the viable of the claim on appeal. The public interest is also served by a stay. The public expect the person with the most votes to entitle to the office.

For these reasons and for any other that the Court believes are just, proper, and wise, plaintiffs request that the last two decrial paragraphs of the September 11, 2006 order remain in place.

Sincerely,

/s Tom Marcelle

Tom Marcelle
TM/rb