UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DAVID PRICE,** as a candidate for the position of Albany County Republican Committeeman from the 14th Ward 16th District, City of Albany; **THE ALBANY COUNTY REPUBLICAN COMMITTEE; MARTHA McMAHON,** Absentee Voter; and **JAMES THORNTON,** Absentee Voter,

                Plaintiffs,        1:06-cv-1083
                                        (GLS/RFT)
     v.

**THE NEW YORK STATE BOARD OF ELECTIONS; NEIL W. KELLEHER; DOUGLAS A. KELLNER; EVELYN J. AQUILA;** and **HELENA MOSES DONOHUE,**

                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Office of Thomas Marcelle<br>2 E-Comm Square<br>3rd Floor<br>Albany, NY 12207 | THOMAS MARCELLE, ESQ. |
| **FOR THE DEFENDANTS:** | |
| HON. ANDREW M. CUOMO<br>New York Attorney General<br>120 Broadway<br>24th Floor<br>New York, NY 10271-0332 | JOEL GRABER<br>Assistant Attorney General |

New York State Board of Elections     TODD D. VALENTINE, ESQ.
Office of Special Counsel
40 Steuben Street
Albany, NY 12207-1650

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs David Price, the Albany County Republican Committee, Martha McMahon, and James Thornton brought the present action under 42 U.S.C. § 1983 challenging N.Y. ELEC. LAW § 7-122(1)(a) on First and Fourteenth Amendment grounds. (*See* Am. Compl., Dkt. No. 9.) Defendants are the New York State Board of Elections and Neil W. Kelleher, Douglas A. Kellner, Evelyn J. Aquila, and Helena Moses Donahue. On October 22, 2007, the court granted defendants' motion to dismiss and denied plaintiffs' motion for summary judgment. *Price v. N.Y. State Bd. of Elections*, 2007 WL 3104327 (N.D.N.Y. Oct. 22, 2007). On appeal, the Second Circuit reversed and remanded, directing this court to enter judgment for plaintiffs. *Price v. N.Y. State Bd. of Elections*, 540 F.3d 101, 112 (2d Cir. 2008). Accordingly, judgment was entered for plaintiffs

on October 8, 2008.  (Dkt. No. 40.)

Pursuant to 42 U.S.C. § 1988, plaintiffs moved for attorneys' fees on February 3, 2009.  (Dkt. No. 48.)  While not disputing plaintiffs' entitlement to reasonable attorneys' fees, defendants filed opposition papers seeking a reduction of the hourly rate and the number of hours for which plaintiffs sought compensation.  (Dkt. Nos. 54-55.)  Having reviewed the parties' submissions, the court grants plaintiffs' motion for attorneys' fees and expenses, but denies plaintiffs' request for an upward enhancement.

## II.  Discussion

As the prevailing party here,[1] plaintiffs seek attorneys' fees in the amount of $104,252.50, costs in the amount of $1,443.24, and a 10% enhancement of the hourly rate.  (*See* Pl. Reply Mem. of Law at 19, Dkt. No. 62:2.)  While they do not dispute plaintiffs' status as the prevailing party or its entitlement to attorneys' fees and expenses, the defendants do dispute the amount of hours and hourly rate plaintiffs claim is appropriate.

---

[1]Section 1988 permits the court, in its discretion, to award reasonable attorneys' fees to a "prevailing party" in any action or proceeding brought to enforce the provisions of 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1988(b); *see also Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009).  A "prevailing party" is one "who has established his entitlement to some relief on the merits of his claims ...."  *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980); *see also Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001).

(*See* Def. Mem. of Law at 2, Dkt. No. 54.)  In addition, defendants argue that plaintiffs' request for an additional 10% bonus or enhancement of the award is unwarranted.  (*See id.*)  For the reasons that follow, the court finds plaintiffs' request for attorneys' fees and expenses reasonable, but declines to enhance the fee award.

When determining the amount of attorneys' fees to award, courts within the Second Circuit apply a "presumptively reasonable fee analysis." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 141 (2d Cir. 2007).  This analysis "involves determining the reasonable hourly rate for each attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award."  *Id*. (citations omitted).  In determining what is reasonable, the following factors are useful:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 186 n.3 (2d Cir. 2008) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The court may also consider any independent interest counsel had in the case's outcome or any expected returns from the representation, such as reputational benefits that might accrue from being associated with the case. *See id.* at 184, 190.

In addition to guiding the court in determining what constitutes a reasonable award, the *Arbor Hill* and *Johnson* factors "may lead the district court to adjust the fee upward or downward." *Hensley v. Eckerhart*, 461 U.S. 424, 434 & n.9 (1983). For instance, where a plaintiff brings two distinct claims based on different facts and legal theories, and is ultimately successful on only one, the court may decline to award fees for services provided regarding the unsuccessful claim. *See id.* at 434-35. However, the court may not reduce a fee solely because counsel relies on alternative legal bases to achieve the same outcome, for "[t]he result is what matters." *See id.* at 435. Thus, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* Moreover, "in some cases of exceptional success an enhanced award may be justified." *Id.*;

5

*see also Green v. Torres*, 361 F.3d 96 (2d Cir. 2004). But, the party advocating an upward or downward departure bears the burden of establishing that "an adjustment is necessary to the calculation of a reasonable fee." *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992) (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989)).

Absent delay caused by the party seeking fees, the "reasonable hourly rate" to be relied on by the court in making its calculations "should be 'current rather than historic hourly rates.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989)). The rationale behind using current hourly rates is that "compensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Jenkins*, 491 U.S. at 283; *see also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

Here, plaintiffs contend their counsel, Mr. Marcelle, spent 371.1 hours litigating this action, with 176.1 hours spent on the appeal and 195.0 hours spent prosecuting the case in district court, which includes 11.2 hours

preparing the present fee application.  (*See* Pl. Aff. at ¶ 22 and Ex. A, Dkt. No. 48:2; *see also* Pl. Reply Mem. of Law at 18, Dkt. No. 62:2.)  Plaintiffs tack on an additional 19.9 hours to the total for time spent preparing their reply papers.  (*See* Pl. Reply Aff. at ¶ 22, Dkt. No. 62.)  Plaintiffs seek an hourly rate of $275 per hour,[2] and costs in the amount of $1,443.24.  (*See id.*; *see also* Pl. Aff. at ¶ 73, Dkt. No. 48:2.)  Lastly, plaintiffs request a 10% upward departure or enhancement of the fee award based on counsel's taking the case on a contingent basis and due to the difficulty, risk, uniqueness, undesirability, time constraints, and complexity of the case.  (*See id.* at ¶¶ 62-70; *see also* Pl. Reply Mem. of Law at 19, Dkt. No. 62:2.)

In response, defendants first concede that plaintiffs' claimed costs are reasonable.  However, defendants argue for an overall reduction of the total hours to 226.39, though they do concede the reasonableness of portions of plaintiffs' hours including (1) time spent from initial client contact to the conclusion of the hearing to show cause, 26.8 hours; and (2) time spent preparing the initial fee application, 11.2 hours.  (*See* Def. Mem. of

---

[2] Plaintiffs initially sought a heightened rate of $325 per hour for 25.6 "expedited hours" spent preparing and filing a temporary restraining order due to the exigent nature of that work. (*See* Pl. Aff. at ¶¶ 46, 74, Dkt. No. 48:2.)  However, it appears from plaintiffs' reply papers that they have compromised and are requesting that the $275 rate be applied across the board. (*See* Pl. Reply Aff. at ¶ 22, Dkt. No. 62; Pl. Reply Mem. of Law at 19, Dkt. No. 62:2.)

Law at 11, 23, Dkt. No. 54.)  Moreover, defendants contend that plaintiffs' hourly rate should be reduced to $210 per hour for work done in 2006 and 2007, and $250 per hour for work done in 2008 and 2009.  (*See id.* at 7, 10-11, 24.)

Starting with a total amount of 391.0 hours, plaintiffs agree to two reductions based on defendants' protests.  First, plaintiffs concede that the time spent researching N.Y. ELEC. LAW § 7-122(1)(a) should be reduced from 9.7 hours to 4.8 hours.  (*See* Pl. Mem. of Law at 12, 14, Dkt. No. 62:2.)  Second, plaintiffs are willing to reduce by 7.0 hours the time spent drafting and editing the factual and procedural background section of their appellate brief.  (*See id.* at 15-16.)  Accordingly, after deductions, plaintiffs' net request is $104,252.50 in attorneys' fees for 379.1 hours at a rate of $275 per hour.  (*See id.* at 19.)

As stated above, courts should rely on current hourly rates in determining the reasonable hourly rate.  *Gierlinger*, 160 F.3d at 882 (2d Cir. 1998) (citation omitted).  Since there was no delay in litigating this matter or in seeking attorneys' fees, the court will apply a current hourly rate to all of plaintiffs' hours from 2006 to present.  *See id.*

Based on plaintiffs' counsel's typical rates, other contemporary cases

and fee awards, and on the relevant *Arbor Hill* and *Johnson* factors, plaintiffs' request of $275 per hour for 379.1 hours is reasonable. First, Mr. Marcelle's current rate is $275 per hour, which is based on a steady, unremarkable annual increase from 2003 through 2009. (*See* Pl. Aff. at ¶¶ 39-48, Dkt. No. 48:2.) Second, the recent caselaw relied on by plaintiffs supports an hourly rate of $275 for experienced civil attorneys who practice law in this district. (*See id.* at ¶¶ 49-61 (citing *Martinez v. Thompson*, No. 9:04-CV-440, 2008 WL 5157395, at * 15 (N.D.N.Y. Dec. 8, 2008) ($275 per hour); *Luessenhop v. Clinton County, N.Y.*, 558 F. Supp.2d 247, 267 (N.D.N.Y. Mar. 28, 2008) ($235 per hour); *Doe v. Kaiser*, No. 6:06-CV-1045, 2007 WL 2027824, at * 10 (N.D.N.Y. July 9, 2007) ($250 per hour)).) Notably, this court recently held that hourly rates including $345, $275, $250, and $190 were reasonable depending on counsel's experience and expertise. *See Trudeau v. Bockstein*, No. 05-CV-1019, 2008 WL 3413903, at *5 (N.D.N.Y. Aug. 8, 2008); *see also Overcash v. United Abstract Group, Inc.*, 549 F. Supp.2d 193, 197 (N.D.N.Y. Mar. 10, 2008) ($250 per hour). Moreover, in 2006, another court in this district found that because plaintiffs' counsel, Mr. Marcelle, has "some unique experience in the fields of law at issue," it was reasonable to award a higher rate of $225 per hour.

*Hoblock v. Albany County Bd. of Elections*, No. 1:04-CV-1205, 2006 WL 3248402, at * 3 (N.D.N.Y. Nov. 7, 2006).

Most importantly, as plaintiffs demonstrate, the factors discussed in *Arbor Hill* and *Johnson* justify finding 379.1 hours at a rate of $275 per hour reasonable. Specifically, the time and labor plaintiffs' counsel devoted to this case on both the trial and appellate level are significant. And the hour compilations provided by Mr. Marcelle, given his concessions, are reasonable despite defendants' contentions. (*Compare* Pl. Aff., Ex. A, Dkt. No. 48:2, *with* Def. Mem. of Law at 11-23, Dkt. No. 54.) Furthermore, plaintiffs' fee award should not be reduced simply because plaintiffs' counsel relied on two alternative legal theories to achieve the same outcome. *See Hensley*, 461 U.S. at 435 ("The result is what matters."). The fact that plaintiffs' equal protection theory was rejected by this court and not presented to the Second Circuit does not change the successful nature of the claims. Plaintiffs "obtained excellent results" and as a result their "attorney should recover a fully compensatory fee." *Id.*

The constitutional and statutory questions raised by this matter were significant in their novelty, complexity, and difficulty. (*See* Pl. Aff. at ¶¶ 25-26, Dkt. No. 48:2.) As plaintiffs highlight, the four federal judges who have

10

reviewed this case split evenly on the constitutionality issue. (*See id.* at ¶ 68.) Moreover, the interplay of state election law, the First Amendment, and federal civil procedure requires significant experience and expertise. As evidenced by his background, plaintiffs' counsel has this experience and expertise. (*See id.* at ¶¶ 28-31 and Ex. B (detailing cases in which counsel handled similarly complex and interlocking issues); *see also Hoblock*, 2006 WL 3248402, at * 3 (acknowledging Mr. Marcelle's "unique experience" in the fields of election law and civil rights law).)

Furthermore, plaintiffs' counsel assumed financial risks in representing plaintiffs. As plaintiffs assert, this case can be classified as "undesirable" due to its complexity, low chance of success, and time constraints. (*See* Pl. Aff. at ¶ 69, Dkt. No. 48:2.) This case was taken on a contingency basis and required "the investment of several hundred hours of time on a novel question of law with an extremely risky outcome." (*See id.* at ¶¶ 64, 69.) While plaintiffs retreated from their request for limited expedited fees, the fact remains that there were instances when plaintiffs' counsel faced considerable time limitations and constraints. (*See id.* at ¶¶ 8-16; *see also* Pl. Reply Aff. at ¶¶ 4-6, Dkt. No. 62.) And the court fully credits plaintiffs' counsel's claims that he gave up on other employment

opportunities in order to pursue this matter. (*See id.* at ¶ 70.)

Lastly, while Mr. Marcelle's reputation may be enhanced by the results he achieved in this case, these gains are not unique in legal practice and are of no consequence here. *See Arbor Hill*, 522 F.3d at 190. For similar reasons, the possible interests Mr. Marcelle may have in this case's outcome independent of his clients are negligible since every citizen has an interest in ensuring a fair and accessible election system.

With regards to plaintiffs' request for a fee bonus, the court is disinclined to grant it. While the appropriateness of an enhancement in this context is generally uncertain,[3] the court regardless finds plaintiffs' request

---

[3] The Supreme Court held in *City of Burlington v. Dague* that federal fee-shifting statutes do not permit attorneys' fee awards to be enhanced on account of contingency or risk of loss. *See* 505 U.S. 557, 567 (1992). The extent to which this ruling applies is unclear. *Compare Fink v. City of New York*, 154 F. Supp.2d 403, 414 (E.D.N.Y. 2001) (rejecting proposed enhancement premised on contingent nature of representation), *with Quinn v. Nassau County Police Dep't*, 75 F. Supp.2d 74 (E.D.N.Y. 1999) (awarding 10% enhancement based on risk and groundbreaking nature of litigation); *see also Maywalt v. Parker & Parsley Petroleum Co.*, 864 F. Supp. 1422, 1435 (S.D.N.Y. 1994) ("It is settled in this Circuit that fee enhancements are not permissible under fee-shifting statutes.") (citing *Dague*, 505 U.S. at 565).

Moreover, while an upward adjustment may be appropriate in "certain rare and exceptional cases," the court should not consider skill and experience of counsel, novelty and complexity of the issues, the difficult or time-consuming nature of the matter, or the effect the outcome has on other interested individuals. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air* (*I*), 478 U.S. 546, 565 (1986) (internal quotation marks omitted) (finding that skill and experience of counsel, quality of representation, and result cannot serve as independent bases for increasing the fee award); *see also Pennsylvania v. Del. Valley Citizens' Council for Clean Air* (*II*), 483 U.S. 711, 730 (1987); *see, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 902 (1984) (rejecting enhancement where hourly rates and number of hours sufficiently reflected the novelty and complexity of the issues); *Green v. City of New York*, No. 05-CV-429, 2009 WL 3063059, at *11 (E.D.N.Y. Sept. 21, 2009) (rejecting proposed enhancement because the fact that the case's outcome "was of great benefit to a large class of needy people" was inadequate).

for a fee enhancement unnecessary to the calculation of a reasonable fee. *See Grant*, 973 F.2d at 101. The basis for plaintiffs' request is the risky, unique, complex, and time constraining nature of this case plus the quality of counsel's performance. (*See* Pl. Aff. at ¶ 62-70, Dkt. No. 48:2.) Because the court has already considered these factors in calculating a reasonable hourly rate, amount of hours, and overall award, there is no reason to allow further compensation for the same factors.

Given the above considerations, the success of counsel in this case, and relevant case law, the court finds plaintiffs' request for attorneys' fees and expenses reasonable, but declines to enhance the fee award.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion for attorneys' fees and costs is **GRANTED** insofar as plaintiffs are awarded attorneys' fees in the amount of $104,252.50 and costs in the amount of $1,443.24; and it is further

**ORDERED** that plaintiffs' motion for an enhancement of the fee award is **DENIED**; and it is further

**ORDERED** that the Clerk shall enter judgment in favor of plaintiffs and against defendants in the amount of $105,695.74; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 4, 2009
Albany, New York

*[signature]*
United States District Court Judge